No. 10,116.

## THE STATE v. FRY.

CRIMINAL LAW.—*Ticket-Scalper.*—*Special Tickets.*—*Statute Construed.*—Section 8 of the act of March 9th, 1875, regulating the issuing and taking up of railroad tickets, etc., 1 R. S. 1876, p. 259, exempts from the operation of its provisions all special tickets, whether half-fare or excursion tickets, or special in any other respect.

The State *v.* Fry.

SAME.—A ticket, having stamped upon its face the word " special," is *prima facie* exempt from the provisions of said act of March 9th, 1875.

From the Marion Criminal Court.

*D. P. Baldwin,* Attorney General, *J. B. Elam,* Prosecuting Attorney, and *W. W. Thornton,* for the State.

*Z. K. McCormack,* for appellee.

WORDEN, J.—This was an indictment against the appellee for selling a railroad ticket without a certificate of authority, as provided for in the act regulating the issuing and taking up of tickets and coupons of tickets by common carriers, etc., approved March 9th, 1875, 1 R. S. 1876, p. 259.

On motion of the defendant the indictment was quashed. The State excepted, and appeals.

It is alleged in the indictment that the ticket was issued by the Cincinnati, Indianapolis, St. Louis and Chicago Railroad Company, was a first-class ticket, and evidenced the right and entitled the holder to be transferred in a continuous passage over certain railroads mentioned, from the city of Indianapolis, in the State of Indiana, to the town of North Vernon, in that State, and thence to Louisville, in the State of Kentucky ; that there was stamped across the face of the ticket the word " special."

The 8th section of the act above mentioned, as we find it printed in the statute book referred to, provides as follows : " The provisions of this act shall not apply to special, half-fare or excursion tickets."

It is said that in the enrolled bill, the punctuation is different, there being no comma between the words " special " and " half-fare ; " and it is claimed by the State that the section should be so read as to exempt from the operation of the statute two classes of tickets only, viz. : half-fare tickets and excursion tickets.

But why exempt from the operation of the statute half-fare tickets, or excursion tickets, any more than any other tickets supplied at less than the usual full fare, whether it be more or

less than half-fare? Such special tickets may be subject to conditions not attached to usual full-fare tickets.

We think, without any particular reference to the punctuation of the statute, that the Legislature intended to exempt from the operation of it all special tickets, whether they are half-fare or excursion tickets, or special in any other respect.

From the description of the ticket sold by the defendant, we must regard it as a special ticket, and not within the prohibition of the statute.

The judgment below is affirmed.